UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CRIMINAL ACTION** |
| **VERSUS** | **NO: 11-271** |
| **TERRANCE HENDERSON** | **SECTION: "H"** |

## ORDER AND REASONS

Before the Court is Defendant Terrance Henderson's Second Motion for Compassionate Release (Doc. 1694). For the following reasons, the Motion is **DENIED**.

## BACKGROUND

Defendant Terrance Henderson is currently serving a 20-year sentence for conspiracy to possess with the intent to distribute heroin in violation of 21 U.S.C. § 841. Defendant has moved for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A) in light of his "age, post-sentencing rehabilitation, change in law and disparity in sentencing, combined with the ongoing coronavirus pandemic causing an unreasonable and substantial risk of infection."[1]

---

[1] Doc. 1694.

1

This Court previously denied Defendant's request for compassionate release on COVID-19 grounds in April 2020, holding that he had neither exhausted administrative remedies nor shown an extraordinary and compelling reason for release.[2] Defendant's renewed motion does not offer any new or compelling argument for release on those grounds. Accordingly, his request for release in light of the COVID-19 pandemic is denied for the reasons previously stated.

Instead, this Court will focus on Defendant's request for compassionate release in light of changes in the law made by the First Step Act of 2018 ("FSA").[3] Defendant argues that a lesser sentence is warranted where the FSA decreased the mandatory minimum sentence for his crime from 20 years to 15 years for individuals sentenced under that statute today. Defendant asks this Court to use its compassionate release authority under 18 U.S.C. § 3582 to modify his sentence on these grounds.

## **LEGAL STANDARD**

"The district court's jurisdiction to correct or modify a defendant's sentence is limited to those specific circumstances enumerated by Congress in 18 U.S.C. § 3582."[4] Section 3582(c), as amended by the First Step Act, states in relevant part that:

> The court may not modify a term of imprisonment once it has been imposed except that—(1) in any case—(A) the court, upon motion

---

[2] Doc. 1600.
[3] In his reply, Defendant also requests that this Court correct an "error" in his PSR regarding the quantity of heroin contributable to him. This request is not appropriately asserted in a motion for compassionate release.
[4] United States v. Garcia, 606 F.3d 209, 212 (5th Cir. 2010).

of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—

 (i) extraordinary and compelling reasons warrant such a reduction; or

 (ii) the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g);

and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission[.]

The statute does not define "extraordinary and compelling reasons." Rather, the Sentencing Commission was directed by Congress to promulgate policy statements describing what should be considered an extraordinary or compelling reason for sentence modification. The Sentencing Commission's policy statement sets forth factors based on a Defendant's health, age, or family circumstance.[5] The policy statements have not, however, been amended since

---

[5] U.S.S.G. 1B1.13.

3

the enactment of the First Step Act, "and consequently, a portion of the policy statement now squarely contradicts 18 U.S.C. § 3582(c)(1)(A) as amended."[6] In recognizing this discrepancy,

> [m]any courts have concluded that this discrepancy means that the Sentencing Commission does not have a policy position applicable to motions for compassionate release filed by defendants pursuant to the First Step Act. Accordingly, other district courts have found that they have discretion to determine what constitutes an "extraordinary and compelling reason[ ]" on a case by case basis, and reliance on the policy statement may be helpful, but not dispositive.[7]

Indeed, the Fifth Circuit has joined the Second, Fourth, Sixth, Seventh, and Tenth Circuits in holding that "neither the [Sentencing Commission's] policy statement nor the commentary to it binds a district court addressing a prisoner's own motion under § 3582."[8] Accordingly, this Court is not constrained by the Commission's policy statement in considering whether Defendant has presented an extraordinary and compelling reason for modification of his sentence. It is "bound only by § 3582(c)(1)(A)(i) and, as always, the sentencing factors in § 3553(a)."[9]

---

[6] *Id.*

[7] *Id.*

[8] United States v. Shkambi, 993 F.3d 388, 393 (5th Cir. 2021). *See e.g.,* United States v. McGee, 992 F.3d 1035, 1050 (10th Cir. 2021) ("[T]he Sentencing Commission's existing policy statement is applicable only to motions for sentence reductions filed by the Director of the BOP, and not to motions filed directly by defendants."); United States v. McCoy, 981 F.3d 271, 281 (4th Cir. 2020) ("By its plain terms, in short, § 1B1.13 does not apply to defendant-filed motions under § 3582(c)(1)(A)"); United States v. Brooker, 976 F.3d 228, 237 (2d Cir. 2020) ("[T]he First Step Act freed district courts to consider the full slate of extraordinary and compelling reasons that an imprisoned person might bring before them in motions for compassionate release. Neither Application Note 1(D), nor anything else in the now-outdated version of Guideline § 1B1.13, limits the district court's discretion.").

[9] *Shkambi*, 993 F.3d at 393.

4

"Having concluded that the First Step Act freed district courts to consider the full slate of extraordinary and compelling reasons that an imprisoned person might bring before them in motions for compassionate release, the question remains whether the extraordinary and compelling reasons cited by [Defendant] warrant compassionate release."[10] The Fifth Circuit has recognized that district courts may consider whether "nonretroactive sentencing changes . . . , either alone or in conjunction with any other applicable considerations, constitute extraordinary and compelling reasons for a reduction in sentence."[11] Other courts have also found it appropriate to consider whether a sentence modification is warranted in light of the disparity between a defendant's actual sentence and the sentence that he would receive if the First Step Act applied, but they have counseled that such a disparity is insufficient on its own to warrant relief.[12] "[I]t can only be the combination of such a sentence and a defendant's unique circumstances that constitute extraordinary and compelling reasons.'"[13]

## LAW AND ANALYSIS

Defendant shows that he has satisfied the administrative exhaustion requirements of § 3582(c)(1)(A), and this Court will therefore consider his

---

[10] United States v. Price, 496 F. Supp. 3d 83, 87 (D.D.C. 2020).
[11] United States v. Cooper, 996 F.3d 283, 289 (5th Cir. 2021).
[12] United States v. Owens, 996 F.3d 755, 764 (6th Cir. 2021); *McGee*, 992 F.3d at 1050.
[13] *McGee*, 992 F.3d at 1048. *See Owens*, 996 F.3d at 763 ("In accordance with our holding that, in making an individualized determination about whether extraordinary and compelling reasons merit compassionate release, a district court may include, along with other factors, the disparity between a defendant's actual sentence and the sentence that he would receive if the First Step Act applied, we remand to the district court for further proceedings."); *McCoy*, 981 F.3d at 286 ("[W]e note that in granting compassionate release, the district courts relied not only on the defendants' § 924(c) sentences but on full consideration of the defendants' individual circumstances.").

request on its merits. Defendant asks this Court to reduce his sentence in light of the FSA's reduction of the mandatory minimum to 15 years. At the time of his sentencing, 21 U.S.C. § 841(b)(1)(A) mandated a minimum sentence of 20 years for Defendant's crime. Defendant's sentencing guideline range, however, was 292 to 365 months—far exceeding the mandatory minimum. Still, Defendant received a sentence of 20-years imprisonment pursuant to a Rule 11(c)(1)(C) plea agreement with the Government.

The Court does not find that Defendant presents an extraordinary and compelling reason for compassionate release. Defendant's sentence was not a result of the mandatory minimum in place at the time of his sentencing. Rather, Defendant's sentence was the result of a bargain with the Government and was substantially lower than his guideline range. Accordingly, there is no disparity between his actual sentence and the sentence that he would receive if the FSA had been in place at the time of his sentencing. In fact, Defendant has already received a lesser sentence than the law provided for, and this Court does not find a compelling reason to reduce his sentence further.

## CONCLUSION

For the foregoing reasons, the Motion is **DENIED**.

New Orleans, Louisiana this 26th day of August, 2022.

_____
**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**