UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CRIMINAL ACTION** |
| **VERSUS** | **NO: 11-271** |
| **TERRANCE HENDERSON** | **SECTION: "H"** |

## ORDER AND REASONS

Before the Court is Defendant Terrance Henderson's Motion for Reconsideration of Compassionate Release (Doc. 1756). For the following reasons, the Motion is **DENIED**.

## BACKGROUND

Defendant Terrance Henderson is currently serving a 20-year sentence for conspiracy to possess with the intent to distribute heroin in violation of 21 U.S.C. § 841. This Court has twice denied Defendant's requests for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A).[1] Most recently, the Court denied Defendant's request based on changes in the law made by the First Step Act of 2018 ("FSA").[2] Defendant argued that a lesser sentence was

---

[1] *See* Docs. 1600, 1732.
[2] Doc. 1732.

1

warranted where the FSA decreased the mandatory minimum sentence for his crime from 20 years to 15 years for individuals sentenced under that statute today. The Court held that the changes implemented by the FSA did not affect Defendant's sentence because Defendant was sentenced pursuant to a Rule 11(c)(1)(C) plea agreement with the Government. The Court found that Defendant's sentence was the result of a bargain with the Government and was substantially lower than his guideline range of 292 to 365 months.

Defendant now asks this Court to reconsider this holding. He argues that his 11(c)(1)(C) agreement was influenced by the mandatory minimum in place at the time and that he would not have accepted the 20-year agreement if the mandatory minimum had been 15 years. Second, he argues that one of his prior convictions no longer qualifies as a predicate for enhancement under 18 U.S.C. § 851. The government opposes the Motion.

## **LEGAL STANDARD**

Although motions for reconsideration in criminal actions are not explicitly authorized in the Federal Rules of Criminal Procedure, the Fifth Circuit has recognized them as a legitimate procedural device.[3] "For such motions, courts have applied the same legal standard for motions for reconsideration in civil cases."[4] The Fifth Circuit has held that if a motion for reconsideration is filed within twenty-eight days after entry of the judgment from which relief is being sought, the motion is treated as a motion to alter or amend under Rule 59(e); otherwise, it is treated as a motion for relief from

---

[3] United States v. Thompson, 79 F. App'x 22, 23 (5th Cir. 2003).
[4] United States v. Evans, No. CR 15-61, 2018 WL 6427854, at *2 (E.D. La. Dec. 7, 2018).

judgment under Rule 60(b). In this case, the Court denied Defendant's motion for compassionate release on August 26, 2022, and this Motion was filed on October 21, 2022. Accordingly, the Court will treat this Motion as one for relief from judgment under Rule 60(b). Under Rule 60(b), a party may seek relief from an order for:

> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.[5]

## LAW AND ANALYSIS

Defendant does not identify any reason under Rule 60(b) for this Court to reconsider its denial of compassionate release. Defendant's arguments amount to a disagreement with this Court's ruling and do not persuade this Court to change its position. The fact remains that Defendant negotiated a lesser sentence than was suggested by his guideline range. Further, at least one of his prior convictions qualifies as a predicate for enhancement under 18 U.S.C. § 851. Accordingly, his Motion is denied.

---

[5] FED. R. CIV. P. 60.

## **CONCLUSION**

For the foregoing reasons, the Motion is **DENIED**.

New Orleans, Louisiana this 20th day of December, 2022.

_____
**JANE TRICHE MILAZZO
UNITED STATES DISTRICT JUDGE**