UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CRIMINAL ACTION** |
| **VERSUS** | **NO: 11-271** |
| **TERRANCE HENDERSON** | **SECTION: "H"** |

### ORDER AND REASONS

Before the Court is Defendant Terrance Henderson's Third Motion for Compassionate Release (Doc. 1797). For the following reasons, the Motion is **DENIED**.

### BACKGROUND

Defendant Terrance Henderson is currently serving a 20-year sentence for conspiracy to possess with the intent to distribute heroin in violation of 21 U.S.C. § 841. Defendant has moved for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A) in light of ineffective assistance of trial and appellate counsel and rehabilitative efforts in prison.

In April 2020, this Court denied Defendant's request for compassionate release on COVID-19 grounds, holding that he had neither exhausted administrative remedies nor shown an extraordinary and compelling reason

1

for release.[1] Thereafter, he filed a second Motion for Compassionate Release based on his "age, post-sentencing rehabilitation, change in law and disparity in sentencing, combined with the ongoing coronavirus pandemic causing an unreasonable and substantial risk of infection."[2] After again rejecting his health-related arguments, the Court considered whether a lesser sentence was warranted where the First Step Act decreased the mandatory minimum sentence for Defendant's crime from 20 years to 15 years for individuals sentenced under that statute today. The Court held that Defendant had not presented an extraordinary and compelling reason for compassionate release where his sentence was the result of a bargain with the Government and was substantially lower than his guideline range.[3]

Now on his third attempt at compassionate release, Defendant takes a different tack. In this Motion, he argues that he is entitled to compassionate release because he received ineffective assistance of counsel leading up to his plea and on appeal and because of his rehabilitative efforts in prison. The Government opposes.

## **LEGAL STANDARD**

"The district court's jurisdiction to correct or modify a defendant's sentence is limited to those specific circumstances enumerated by Congress in 18 U.S.C. § 3582."[4] Section 3582(c), as amended by the First Step Act, states in relevant part that:

---

[1] Doc. 1600.
[2] Doc. 1694.
[3] Doc. 1732.
[4] United States v. Garcia, 606 F.3d 209, 212 (5th Cir. 2010).

2

> The court may not modify a term of imprisonment once it has been imposed except that—(1) in any case—(A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
>> (i)  extraordinary and compelling reasons warrant such a reduction; or
>> (ii) the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g);
>
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission[.]

The statute does not define "extraordinary and compelling reasons." Rather, the Sentencing Commission was directed by Congress to promulgate policy statements describing what should be considered an extraordinary or compelling reason for sentence modification. The Sentencing Commission's policy statement sets forth factors based on a Defendant's health, age, or family

3

circumstance.[5] The policy statements have not, however, been amended since the enactment of the First Step Act, "and consequently, a portion of the policy statement now squarely contradicts 18 U.S.C. § 3582(c)(1)(A) as amended."[6] In recognizing this discrepancy,

> [m]any courts have concluded that this discrepancy means that the Sentencing Commission does not have a policy position applicable to motions for compassionate release filed by defendants pursuant to the First Step Act. Accordingly, other district courts have found that they have discretion to determine what constitutes an "extraordinary and compelling reason[ ]" on a case by case basis, and reliance on the policy statement may be helpful, but not dispositive.[7]

Indeed, the Fifth Circuit has joined the Second, Fourth, Sixth, Seventh, and Tenth Circuits in holding that "neither the [Sentencing Commission's] policy statement nor the commentary to it binds a district court addressing a prisoner's own motion under § 3582."[8] Accordingly, this Court is not constrained by the Commission's policy statement in considering whether Defendant has presented an extraordinary and compelling reason for

---

[5] U.S.S.G. 1B1.13.

[6] *Id.*

[7] *Id.*

[8] United States v. Shkambi, 993 F.3d 388, 393 (5th Cir. 2021). *See e.g.,* United States v. McGee, 992 F.3d 1035, 1050 (10th Cir. 2021) ("[T]he Sentencing Commission's existing policy statement is applicable only to motions for sentence reductions filed by the Director of the BOP, and not to motions filed directly by defendants."); United States v. McCoy, 981 F.3d 271, 281 (4th Cir. 2020) ("By its plain terms, in short, § 1B1.13 does not apply to defendant-filed motions under § 3582(c)(1)(A)"); United States v. Brooker, 976 F.3d 228, 237 (2d Cir. 2020) ("[T]he First Step Act freed district courts to consider the full slate of extraordinary and compelling reasons that an imprisoned person might bring before them in motions for compassionate release. Neither Application Note 1(D), nor anything else in the now-outdated version of Guideline § 1B1.13, limits the district court's discretion.").

modification of his sentence. It is "bound only by § 3582(c)(1)(A)(i) and, as always, the sentencing factors in § 3553(a)."[9]

"Having concluded that the First Step Act freed district courts to consider the full slate of extraordinary and compelling reasons that an imprisoned person might bring before them in motions for compassionate release, the question remains whether the extraordinary and compelling reasons cited by [Defendant] warrant compassionate release."[10]

## LAW AND ANALYSIS

Defendant shows that he has satisfied the administrative exhaustion requirements of § 3582(c)(1)(A), and this Court will therefore consider his request on its merits. Defendant argues that his trial counsel was ineffective when he improperly advised him that he faced a term of life imprisonment if he went to trial because of the quantity of drugs, 1 kilogram of heroin, involved in the conspiracy. Defendant argues that this information was incorrect where the Government could not prove that a kilogram of heroin was directly attributable to him. Defendant contends that he relied on this misinformation in agreeing to accept a plea deal of twenty years' imprisonment. Further, Defendant argues that his appellate counsel was also ineffective in failing to consider bringing this argument on appeal. He contends that his appellate counsel advised him to dismiss his appeal without reviewing the relevant case law or his co-defendants' appellate briefs. Defendant presents declarations from both attorneys acknowledging their deficient representation.

---

[9] *Shkambi*, 993 F.3d at 393.
[10] United States v. Price, 496 F. Supp. 3d 83, 87 (D.D.C. 2020).

Defendant's ineffective assistance of counsel arguments "are quintessential arguments for challenging the fact or duration of a prisoner's confinement under Chapter 153."[11] "In Chapter 153 of Title 28, Congress provided specific avenues for post-conviction relief that permit prisoners to challenge the legality of their confinement in federal court," such as 28 U.S.C. §§ 2241, 2244, 2254, and 2255.[12] "The Supreme Court has repeatedly held that by codifying these specific provisions, Congress required prisoners to bring their legality-of-custody challenges under Chapter 153 and prohibited prisoners from bringing such claims under other, more-general statutes."[13] Accordingly, the Fifth Circuit expressly ruled that "a prisoner cannot use § 3582(c) to challenge the legality or the duration of his sentence; such arguments can, and hence *must*, be raised under Chapter 153."[14] Accordingly, Defendant is precluded from alleging ineffective assistance of counsel in support of his request for compassionate release.

Next, Defendant seeks compassionate release in light of his rehabilitative efforts in prison. While the Court finds these efforts admirable, his rehabilitation alone is not sufficiently "extraordinary or compelling" to warrant compassionate release.[15] Indeed, in advising the Sentencing Commission to define "extraordinary and compelling reasons," Congress provided just one restriction: "Rehabilitation of the defendant alone shall not

---

[11] United States v. Escajeda, 58 F.4th 184, 187 (5th Cir. 2023).
[12] *Id.* at 186–87.
[13] *Id.* at 187.
[14] *Id.*
[15] *See* United States v. Hughes, No. 4:18-CR-46(25), 2022 WL 2483720, at *4 (E.D. Tex. July 6, 2022) (and cases cited therein).

6

be considered an extraordinary and compelling reason."[16] "[R]ehabilitation is expected, not extraordinary."[17] Accordingly, Defendant has again failed to show grounds for compassionate release.

## CONCLUSION

For the foregoing reasons, the Motion is **DENIED**.

New Orleans, Louisiana this 7th day of February, 2024.

_____
**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**

---

[16] 28 U.S.C. § 994.
[17] United States v. Carrera, No. 3:14-CR-0367-B-40, 2023 WL 1070609, at *4 (N.D. Tex. Jan. 27, 2023).