UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CRIMINAL ACTION** |
| **VERSUS** | **NO: 11-271** |
| **TERRANCE HENDERSON** | **SECTION: "H"** |

## ORDER AND REASONS

Before the Court is Defendant Terrance Henderson's Motion for Reconsideration of his Third Motion for Compassionate Release (Doc. 1807). For the following reasons, the Motion is **DENIED**.

## BACKGROUND

Defendant Terrance Henderson is currently serving a 20-year sentence for conspiracy to possess with the intent to distribute heroin in violation of 21 U.S.C. § 841. This Court has thrice denied Defendant's requests for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A).[1]

---

[1] *See* Docs. 1600, 1732, 1804.

1

First, this Court denied Defendant's request for compassionate release on COVID-19 grounds, holding that he had neither exhausted administrative remedies nor shown an extraordinary and compelling reason for release.[2]

Second, the Court denied Defendant's request based on changes in the law made by the First Step Act of 2018 ("FSA").[3] Defendant argued that a lesser sentence was warranted where the FSA decreased the mandatory minimum sentence for his crime from 20 years to 15 years for individuals sentenced under that statute today. The Court held that Defendant had not presented an extraordinary and compelling reason for compassionate release where his sentence was the result of a bargain with the Government and was substantially lower than his guideline range.[4]

More recently, the Court rejected Defendant's request for compassionate release on ineffective assistance of counsel grounds.[5] Defendant argued that his trial counsel was ineffective when he improperly advised him as to the maximum penalty he faced. The Court held that such arguments could not be brought in a motion for compassionate release, noting that the Fifth Circuit has expressly held that "a prisoner cannot use § 3582(c) to challenge the legality or the duration of his sentence; such arguments can, and hence must, be raised under Chapter 153."[6] Defendant now asks the Court to reconsider that ruling. The Government opposes.

---

[2] Doc. 1600.
[3] Doc. 1732.
[4] *Id.*
[5] Doc. 1804.
[6] United States v. Escajeda, 58 F.4th 184, 187 (5th Cir. 2023).

## LEGAL STANDARD

Although motions for reconsideration in criminal actions are not explicitly authorized in the Federal Rules of Criminal Procedure, the Fifth Circuit has recognized them as a legitimate procedural device.[7] "For such motions, courts have applied the same legal standard for motions for reconsideration in civil cases."[8] The Fifth Circuit has held that if a motion for reconsideration is filed within twenty-eight days after entry of the judgment from which relief is being sought, the motion is treated as a motion to alter or amend under Rule 59(e); otherwise, it is treated as a motion for relief from judgment under Rule 60(b). In this case, the Court denied Defendant's Motion for Compassionate Release on February 7, 2024, and this Motion was filed on March 4, 2024. Accordingly, the Court will treat this Motion as one for relief from judgment under Rule 59(e).

A Rule 59(e) motion "[i]s not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment."[9] Instead, Rule 59(e) serves the narrow purpose of correcting "'manifest error[s] of law or fact or . . . presenting newly discovered evidence.'"[10] "'Manifest error' is one that 'is plain and indisputable, and that amounts to a complete disregard of the controlling law.'"[11] In the Fifth Circuit,

---

[7] United States v. Thompson, 79 F. App'x 22, 23 (5th Cir. 2003).

[8] United States v. Evans, No. CR 15-61, 2018 WL 6427854, at *2 (E.D. La. Dec. 7, 2018).

[9] Templet v. HydroChem, Inc., 367 F.3d 473, 479 (5th Cir. 2004) (citing Simon v. United States, 891 F.2d 1154, 1159 (5th Cir. 1990)).

[10] Advocare Int'l, LP v. Horizon Labs., Inc., 524 F.3d 679, 691 (5th Cir. 2008) (quoting Rosenzweig v. Azurix Corp., 332 F.3d 854, 863 (5th Cir. 2003)).

[11] Guy v. Crown Equip. Corp., 394 F.3d 320, 325 (5th Cir. 2004) (quoting Venegas–Hernandez v. Sonolux Records, 370 F.3d 183, 195 (1st Cir. 2004)).

altering, amending, or reconsidering a judgment under Rule 59(e) "[i]s an extraordinary remedy that should be used sparingly."[12] While district courts have "considerable discretion in deciding whether to grant or deny a motion to alter a judgment," denial is favored.[13]

## LAW AND ANALYSIS

In support of his Motion, Defendant argues that the Court misinterpreted his claim for compassionate release as one for ineffective assistance of counsel and that his true claim is that the misinformation by counsel that led him to accept a plea deal resulted in a severe sentencing disparity between himself and his co-defendants. He points out that two of his co-defendants received sentences of 12 years' imprisonment and another received a compassionate release reduction from 20 to 15-years' imprisonment. He argues that the gross disparity between his 20-year sentence and that of his co-defendants is an extraordinary and compelling reason for compassionate release.

But the co-defendants identified by Defendant were not similarly situated to Defendant. Each faced substantially lower guideline ranges. As this Court has previously explained, Defendant's 20-year sentence was the result of a bargain with the Government and was substantially lower than his guideline range of 292 to 365 months. Defendant has not identified a manifest error of law or fact or presented new evidence warranting relief under Rule 59(e). Accordingly, his Motion is denied.

---

[12] *Templet*, 367 F.3d at 479 (citations omitted).
[13] Hale v. Townley, 45 F.3d 914, 921 (5th Cir. 1995).

## **CONCLUSION**

For the foregoing reasons, the Motion is **DENIED**.


New Orleans, Louisiana this 5th day of June, 2024.

_____
**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**